GILDEA, Chief Justice (dissenting).
I respectfully dissent. The district court denied Faricy's motion for attorney fees, concluding that "Faricy failed to carry its burden of proving the reasonable value of its work in connection with the Home Liquidator claim no matter what calculation approach is used." The record supports that determination, and I would affirm it.
The majority reaches a different outcome. Specifically, the majority concludes that Faricy is entitled attorney fees under a quantum meruit theory, and it adopts an eight-factor analysis that it contends the district court needs to apply in order to decide Faricy's motion. I do not disagree that quantum meruit could be a basis for recovery in this case, but the district court considered and rejected the theory because Faricy did not offer evidence from which the court could determine fees under this theory.
Despite the fact that "the court implored Faricy to include in its post-trial submission a contingent-fee alternative based upon quantum meruit ... Faricy provided no evidence and no alternative -only a vigorous argument in favor of a contingent fee and a contingent fee alone." Based on Faricy's decision to support only a contingency-fee theory of recovery, the district court determined that it had "a grossly inadequate factual basis for an award of quantum meruit fees." Consequently, the court had to deny Faricy's motion for fees. My review of the record confirms that the district court was correct.
The thrust of Faricy's argument at the district court was simply that Faricy was entitled to the contingency fee, and Faricy presented the original contingency fee amount to the district court. Faricy also offered some information about some of the hours it claimed to have worked, but Faricy did not separate its hours by case so there was no way for the district court to determine whether these hours were in fact spent on the Home Liquidator claim. Moreover, Faricy did not contend or prove that the hours submitted were a representative estimate of time and labor spent on the Home Liquidator claim, and Faricy did not even provide the court with its customary rate for similar legal services. Faricy also did not submit any specific evidence regarding its cost investment, the difficulty of the responsibility assumed, or expert testimony as to the value of Faricy's experience, reputation, and quality of representation.
Based on this record, the district court determined it would be impossible to assess the reasonable value of services and so, at the close of evidence, implored Faricy to present further evidence. Faricy did not comply. Faricy, instead, continued to ask the court to simply award it the contingency fee amount. Consequently, after considering quantum meruit and attempting to apply the multifactor test from In re L-tryptophan Cases , 518 N.W.2d 616, 621 (Minn. App. 1994) (listing factors), the district court determined that with the limited evidence Faricy offered, there was no basis for the court to arrive at a non-speculative result.
The majority concludes that the district court erred because the court did not "weigh the equities." But the majority does not disagree that recovery under quantum-meruit is limited to the "reasonable value" of services provided. See supra at 657 ("The discharged attorney is instead entitled to compensation for the reasonable value of the services under the equitable *663 theory of quantum meruit."). Even if the equities weighed in favor of Faricy, there is still an absence of proof on the fundamental element of the claim-reasonable value of services provided.
The majority slides by the evidentiary vacuum and remands the case "[b]ecause we have adopted a multi-factor test that differs from that the district court applied." But the district court already engaged in a multi-factor analysis, considered the quantum meruit theory and denied recovery on that basis due to insufficient proof of the value of services provided. While the additional factors provided by the majority's new test may provide some insight into the appropriate value of Faricy's services, the insufficient factual evidence will still make it impossible for the district court to place a non-speculative value on Faricy's work.
I also disagree with the majority's invitation that the district court should give Faricy a second bite at the apple by reopening the record. Faricy made a strategic choice to support only a contingent-fee theory as the basis for its attorney fees motion. That choice dictates the result. See, e.g. , United States v. Griffin , 782 F.2d 1393, 1398-99 (7th Cir. 1986) ("Parties to civil cases are bound by acts and omissions alike."). I would reverse the court of appeals and reinstate the district court's order denying Faricy's motion for fees.